Craton LIDDELL, et al.

v.

The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MISSOURI, et al.

The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, Appellant,

v.

The STATE OF MISSOURI; John Ashcroft, Governor; William L. Webster, Attorney General; Wendell Bailey, Treasurer; John A. Pelzer, Commissioner of Administration; Dr. Robert Bartman, Commissioner of Education; The State Board of Education; and its Members: Roseann Bentley, Dan L. Blackwell, Thomas R. Davis, Susan D. Finke, Raymond F. McCallister, Jr., Cynthia B. Thompson, Terry A. Bond and Roger A. Tolliver, Appellees.

No. 88–2790EM.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1989.

Decided July 3, 1990.

---

Kenneth C. Brostron, St. Louis, Mo., for appellant.

Michael J. Fields, Jefferson City, Mo., for appellees.

Before FAGG, Circuit Judge, and HEANEY, and BRIGHT, Senior Circuit Judges.

FAGG, Circuit Judge.

The Board of Education of the City of St. Louis (the Board) appeals from a district court order establishing a comprehensive plan for St. Louis's magnet schools. *Liddell v. Board of Education,* 696 F.Supp. 444 (E.D.Mo.1988). We affirm the district court and remand for further proceedings.

On appeal, the Board acknowledges its "support[ ] [for] the district court's effort to implement a comprehensive [magnet school] plan." The Board also commends the district court for its effort "to achieve the goals of student desegregation, effective education, equity and equality of access, [and] efficient use of resources," and for introducing "an incremental, financially prudent approach to magnet school improvement." Nevertheless, the Board contends the district court's plan "contains a few serious flaws and inequities [that] violate this [c]ourt's prior mandates and [ ] threaten to hamper [the magnet plan's] successful and complete implementation." We consider the Board's contentions in turn.

■ The Board initially contends the district court committed error by failing to shift magnet school capital costs from a district-wide capital improvements plan the court previously approved, *Liddell v. Board of Educ.,* 674 F.Supp. 687 (E.D. Mo.1987), to the magnet plan budget. Because the State of Missouri (the State) must pay only fifty percent of capital costs funded under the district-wide plan rather than the 71.5% share assigned it under the magnet plan, the Board complains the district court's decision to leave $24.1 million in magnet capital costs in the earlier plan impermissibly relieves the State of a $5.2 million contribution to magnet capital improvements.

We disagree. The district-wide capital improvements plan was thoroughly litigated, and neither the State nor the Board appealed the district court's implementation order. Indeed, as the State aptly points out, "both parties accepted the [d]istrict [c]ourt's determination that payment of the amount there ordered would completely satisfy the State's obligation for renovation[s] ... addressed by the [c]ourt in [the district-wide plan]." We thus find

no error in the district court's refusal to reallocate funding liabilities settled by the district-wide capital improvements plan.

In addition, the Board contends the district court should have placed funds in the magnet plan budget to remove asbestos from all magnet schools and to increase the number of magnet schools with elevators for handicapped students. The Board did not raise the question of asbestos removal in the district court, and we decline to consider the issue for the first time on appeal. *See Felton v. Fayette School Dist.*, 875 F.2d 191, 193 (8th Cir.1989). As far as the issue of access for handicapped students is concerned, the record contains no suggestion the improvements provided for in the magnet plan will not satisfy federal standards for handicapped access. *See* 34 C.F.R. §§ 104.22–.23 (1989); *id.* pt. 104 app. A, paras. 20–21.

■ The Board next attacks the district court's decision to limit the State's liability for magnet school capital improvements to a "one-time funding obligation." 696 F.Supp. at 464. We reject the Board's attack. The district court's carefully prepared budget represents "a financially prudent approach to school improvement," *id.* at 450, that we find consistent with the aim of making St. Louis's magnet facilities "reasonably comparable with those of the suburban districts." *Liddell v. Board of Educ.*, 801 F.2d 278, 283 (8th Cir.1986) (*Liddell IX*). We also reject the Board's contention that the magnet plan budget places an arbitrary ceiling on the State's financial responsibility for magnet school capital improvements. The Board has not presented any evidence to support its claim the magnet plan budget is inadequate to place St. Louis's magnet schools on a par with the suburban districts. Thus, we are unable to conclude the district court has ordered the State to pay less than "its share of the reasonable capital ... expenses of [the] magnet school[s]." *Liddell v. Board of Educ.*, 758 F.2d 290, 298 (8th Cir.1985) (*Liddell VIII*).

■ The Board also contends the district court failed to provide funding in the magnet plan budget for a site to accommodate the new investigative learning center that will be built under the court's plan. We agree with the Board that on remand the district court should conduct a hearing to select a site for the new center and add an amount sufficient to purchase the selected site to the magnet plan budget. Otherwise, we approve the site acquisition costs the court budgeted.

Finally, the Board contends the district court erroneously ordered the closing of Wade, Ames, and Madison schools. We are unwilling to disturb the district court's decision that closing these three schools serves the goals of the magnet plan. We believe the schools should be phased out, however, only as replacement seating becomes available in the new schools scheduled for construction under the magnet plan.

Having carefully considered all of the Board's contentions, we affirm the district court and remand for further proceedings consistent with this opinion. We also reaffirm what we have stated before: the goal is to enroll 14,000 students in the magnet schools. Since the 1989–90 deadline for reaching this mark cannot now be met, the parties shall strive to achieve the goal at the earliest time possible.